IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN W. QUICK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1149-M |
| | § | |
| TERRY SPANGLER | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been re-referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference dated October 27, 2005. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil rights action brought by Plaintiff Steven W. Quick, an inmate in the TDCJ-ID, against Terry Spangler, a state court reporter. On June 3, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on October 7,

2005.¹ The court now determines that this action is frivolous and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff generally alleges that defendant violated his constitutional rights by failing to file a complete statement of facts with the state court of appeals. In particular, plaintiff accuses defendant of deliberately withholding certain excerpts from his examining trial, the testimony of a key witness, and his attorney's closing argument. As relief, plaintiff seeks $950 million in damages and immediate release from custody.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1)   is frivolous or malicious;
>
> (2)   fails to state a claim upon which relief can be granted; or
>
> (3)   seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232,

---

¹ This case was dismissed for want of prosecution when plaintiff failed to answer the interrogatories by the deadline established by the court. *Quick v. Spangler*, No. 3-05-CV-1149-M, 2005 WL 2241756 (N.D. Tex. Sept. 13, 2005), *rec. adopted by* Order, 10/4/05. On October 7, 2005, three days after the dismissal order was entered, plaintiff filed his interrogatory answers with the district clerk. The district judge then vacated the order of dismissal and re-referred the case to the magistrate judge for further consideration.

81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff has sued a state court reporter for civil rights violations arising out of his conviction for aggravated kidnaping. This claim is without an arguable basis in law because no state court or federal habeas court has ever determined that the terms of plaintiff's confinement are invalid. (*See* Interrog. #4). Plaintiff is therefore precluded from suing for money damages under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Rodriguez v. Snider*, No. 3-01-CV-0688-X, 2001 WL 984873 at *2 (N.D. Tex. Aug. 14, 2001) (applying *Heck* to claim that court reporter altered the record and helped conceal question asked by a juror).[2]

To the extent plaintiff seeks an order releasing him from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). However, it does not appear that plaintiff has exhausted his state remedies by presenting the factual and legal basis of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. (*See* Interrog. #3). Unless and until plaintiff exhausts his available state remedies, he

---

[2] The court notes that the state appellate court did not mention any missing portions of the record in its opinion affirming plaintiff's conviction. *See Quick v. State*, No. 06-04-00107-CR, 2005 WL 608198 (Tex. App.--Texarkana, Mar. 17, 2005).

may not seek federal habeas relief.  *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 28, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE